MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
COUNSELORS AT LAW

ONE COMMERCE PLAZA
SUITE 1705
ALBANY, NEW YORK 12260
518-465-5551
FACSIMILE: 518-465-2033

1300 CONNECTICUT AVENUE, N.W.
SUITE 600
WASHINGTON, DC 20036
202-955-6340
FACSIMILE: 202-223-0358

990 STEWART AVENUE, SUITE 300
P.O. BOX 9194
GARDEN CITY, NEW YORK 11530-9194
516-741-6565
FACSIMILE: 516-741-6706
E-MAIL: meyersuozzi@msek.com
WEBSITE: http://www.msek.com

1350 BROADWAY, SUITE 501
P.O. BOX 822
NEW YORK, NEW YORK 10018-0026
212-239-4999
FACSIMILE: 212-239-1311

**PAUL F. MILLUS**
E-MAIL: PMILLUS@MSEK.COM

July 3, 2013

**VIA ECF**

The Honorable William F. Kuntz, II
United States District Judge
United States District Court
225 Camden Plaza East
Brooklyn, New York 11201

      Re:    Warren v. The County of Nassau, et al.
                 09 Civ.-1614 and 06 Civ. 3560 (WFK)(MLO)

Dear Judge Kuntz:

      We are the attorneys of record for the defendants in this case. Today we have filed our motion in limine and trial brief. With this letter I address the Court's direction as to how it intends to select and empanel the jury in this case. Your Honor stated intention on June 28, 2013 is to select eight (8) jurors with two jurors to be randomly selected as alternates leaving six (6) jurors to deliberate.

      Following our appearance before Your Honor, Mr. Brewington and I conferred as our collective experience has been that there are no alternates in the Federal system. Although I have not tried a federal trial in Brooklyn for some time, I wanted to make sure that I was current in my knowledge in this regard so I performed some research on this issue.

      Admittedly case law on the subject is scant; I began with a review of Fed. R. Civ. P. 47 and specifically the Advisory Committee Notes which state:

Notes of Advisory Committee on Rules—1991 Amendment

Subdivision (b). The former provision for alternate jurors is stricken and the institution of the alternate juror abolished.

The former rule reflected the long-standing assumption that a jury would consist of exactly twelve members. It provided for additional jurors to be used as substitutes for jurors who are for any reason excused or disqualified from service after the commencement of the trial. Additional jurors were traditionally designated at the outset of the trial, and excused at the close of the evidence if

The Honorable William F. Kuntz, II
July 3, 2013
Page 2

they had not been promoted to full service on account of the elimination of one of the original jurors.

The use of alternate jurors has been a source of dissatisfaction with the jury system because of the burden it places on alternates who are required to listen to the evidence but denied the satisfaction of participating in its evaluation.

Thereafter I turned to Fed. R. Civ. P. 48 which provides, in pertinent part,

(a) Number of Jurors. A jury must begin with at least 6 and no more than 12 members, and each juror must participate in the verdict unless excused under Rule 47(c).

Wanting a firmer understanding on the subject, we performed some case law research and came up with the following:

- *North Star Yachts Int'l, Inc. v. Diaship, Inc.*, No. 92-55884, 1994 WL 96276 (9th Cir. 1994)

    The language of the amended Rule obliges the court: "all jurors shall participate." The Rule specifically allows stipulations as to certain matters; none is allowed for an "alternate juror." Lest there be any doubt that the 1991 changes were meant completely to do away with the regime of "alternate jurors," the Advisory Committee Notes to Rule 47, Subdivision (b) instruct, "The former provision for alternate jurors is stricken and the institution of the alternate juror abolished."

- *Atkins v. Lexington Ins. Co.*, No. 07–6977, 2009 WL 270252, *2 (E.D. La. 2009)

    Plaintiff's second argument also lacks merit. Plaintiff claims that the participation of an alternate juror in deliberations improperly affected the judgment. The jury, however, contained no alternate juror. Under Federal Rule of Civil Procedure 48, a jury must have at least six and no more than 12 members, and each juror must participate in the verdict unless excused under Rule 47(c). The jury in plaintiff's case consisted of seven jurors and no alternates. This Court typically selects seven jurors so that in the event that one juror cannot complete the trial, the jury will still meet the six-member minimum required by Rule 48. Because none of the seven jurors was an alternate, each juror was required to participate in the verdict under Rule 48. The participation of all jurors thus did not prejudice plaintiff's case. Moreover, plaintiff did not object to this matter at trial. Because plaintiff has not shown why he is entitled to relief from the judgment under Rule 60, the Court DENIES his motion.

The Honorable William F. Kuntz, II
July 3, 2013
Page 3

- *Maier v. AT&T*, No. 94 C 7468 (N.D.Ill. April 17, 1996).

The proposed FPTO [Final Pretrial Order] states: The parties recommend that twelve jurors and two alternates be selected at the commencement of the trial. The attention of the parties is drawn to FRCP 48 which provides:

> The court shall seat a jury of not fewer than six and not more than twelve members and all jurors shall participate in the verdict unless excused from service by the court pursuant to Rule 47(c). Unless the parties otherwise stipulate, (1) the verdict shall be unanimous and (2) no verdict shall be taken from a jury reduced in size to fewer than six members.

The parties should also be aware that the institution of the alternate juror was abolished in federal civil cases effective December 1, 1991. See FRCP 47, Notes of Advisory Committee on Rule, 1991 Amendment. The parties shall modify their recommendation as to the size of the jury in the modified proposed FPTO.

Based on the foregoing and with an full and respectful understanding that District Court Judges have a significant amount of discretion on many matters pertaining to the trial of cases before them, I respectfully request that the Court reconsider its use of alternates and empanel the number of jurors it deems necessary to about having to seek stipulations between the parties pursuant to Fed. R. Civ. P. 47 (c) and to ensure the parties receive a verdict.

Respectfully submitted,

Paul F. Millus

cc: Frederick Bewington, Esq.
(via e-mail and ecf)

948209